UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LEAH CROSS, <br><br> Plaintiff, <br><br> v. <br><br> U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, et al., <br><br> Defendants. | Case No. 25-cv-3702 |

**PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION AND STAY**

Pursuant to Federal Rule of Civil Procedure 65 and 5 U.S.C. § 705, Plaintiff Leah Cross hereby moves to stay the EEOC's September 15, 2025 memorandum directing field staff to administratively close, and prohibiting them from investigating or conciliating, charges of disparate-impact discrimination (the "Disparate Impact Rule") and for a preliminary injunction to enjoin Defendants U.S. Equal Employment Opportunity Commission and Andrea Lucas (collectively, "the EEOC") from implementing or enforcing the Disparate Impact Rule. Plaintiff further seeks an order (1) tolling the filing deadlines associated with any right-to-sue notices that were issued for charges administratively closed pursuant to the Disparate Impact Rule; (2) requiring the EEOC to file a list of all affected charges with this Court; and (3) requiring the EEOC to provide notice to all individuals with charges of discrimination that were administratively closed pursuant to the Disparate Impact Rule notifying them of this lawsuit, of the tolling of their filing deadline, and of the option to have the EEOC vacate the dismissal and resume the investigation of any charge for which the charging party requests a resumed investigation while this case is ongoing.

As set forth in more detail in the accompanying memorandum, the Disparate Impact Rule should be set aside as unlawful pursuant to the Administrative Procedure Act because it violates the EEOC's statutory obligations to investigate and conciliate all charges of discrimination, and because it is arbitrary and capricious. Additionally, because the Disparate Impact Rule is a substantive rule that alters the rights and interests of private parties, it exceeds the EEOC's rulemaking authority under Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000e *et seq.*, which only permits the EEOC to issue "procedural" rules. Finally, the Disparate Impact Rule was enacted without observance of required procedure, including notice and an opportunity for public comment as required by 5 U.S.C. § 553 or a majority vote among a quorum of three Commissioners. Absent preliminary relief, Plaintiff Leah Cross will experience irreparable harm as a result of the EEOC's actions because she will be required to file her disparate-impact-based claims of sex discrimination under Title VII in court in less than 90 days without the benefit of a complete EEOC investigation.

This motion is based on the attached memorandum of law, the attached declarations and exhibits, all other pleadings and papers filed in this action, and any other matters that may come before the Court.

Pursuant to Local Civil Rule 7(m), at approximately 3:20 PM on October 20, 2025, undersigned counsel emailed the Director and Deputy Director of the Federal Programs Branch of the U.S. Department of Justice, along with the Chief of the Civil Division of the U.S. Attorney's Office in Washington, D.C. to notify them of Plaintiff's intent to file this motion. At the time of filing, Defendants' counsel have not yet responded.

Undersigned counsel subsequently emailed the same three individuals copies of this motion and all associated documents. Additionally, to comply with this Court's Standing Order No. 25-

55 entered on October 1, 2025, regarding court operations during the lapse in appropriations, undersigned counsel also served a copy of the complaint in this action, as well as a copy of this motion and all associated documents, on the Civil Division of the U.S. Attorney's Office for the District of Columbia by electronic mail at USADC.ServiceCivil@usdoj.gov.

Dated: October 20, 2025               Respectfully submitted,

                                                 /s/ Karla Gilbride

Karla Gilbride (DC Bar No. 1005586)
Kelly Lew (DC Bar No. 90028415)
Public Citizen Litigation Group
1600 20th St. NW
Washington, DC 20009
(202) 588-1000
kgilbride@citizen.org

Valerie L. Collins*
David Seligman*
Towards Justice
303 E. 17th Ave.
Denver, CO 80203
(720) 295-1672
valerie@towardsjustice.org

Nathan Leys (DC Bar No. 90018987)
FarmSTAND
712 H Street NE Suite 2534
Washington, DC 20002
(202) 595-8816
nathan@farmstand.org

Shelby Leighton*
Public Justice
1620 L St. NW
Washington, DC 20036
(202) 797-8600
sleighton@publicjustice.net

Hannah Kieschnick*
Public Justice
475 14th St., Ste. 610
Oakland, CA 94612
(510) 622-8150
hkieschnick@publicjustice.net

*Pro hac vice forthcoming*

*Counsel for Plaintiff Leah Cross*