UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LEAH CROSS,<br><br>      Plaintiff,<br><br>  v.<br><br>U.S. EQUAL EMPLOYMENT<br>OPPORTUNITY COMMISSION, et al.,<br><br>      Defendants. | Civ. A. No. 25-3702 (TNM) |

**UNOPPOSED MOTION TO EXTEND DEADLINE FOR
REPONSE TO MOTION FOR PRELIMINARY INJUNCTION**

    Defendants, by and through counsel, respectfully move to extend by three days the deadline for the Defendants' response to Plaintiff's motion for a preliminary injunction. Pursuant to Local Civil Rule 7(m), counsel for Defendants met and conferred with counsel for Plaintiff, who stated that Plaintiff does not oppose this motion. Good cause supports the requested extension.

    1.    On October 20, 2025, Plaintiff filed the complaint in this suit and that same day moved for a preliminary injunction. On October 21, 2025, the Court ordered Defendants to file any opposition to Plaintiff's motion by October 28 and required Plaintiff to file any reply by November 4. In the same order, the Court set a hearing for November 12, 2025. On October 23, 2025, the undersigned counsel appeared as the sole attorney for the Defendants.

    2.    Exceptional and compelling circumstances justify the requested extension. The undersigned is one of only a handful of civil attorneys at the U.S. Attorney's Office who has been excepted to handle urgent matters during the present government shutdown. Earlier this week, counsel appeared at a lengthy preliminary injunction hearing in another case, and then spent much of the rest of the week handling issues that had arisen on account of that hearing, including

researching and preparing a supplemental filing that the Court had requested. Counsel also has been handling numerous other excepted matters, including removing cases with imminent deadlines, preparing briefs for his subordinates' cases in those instances where the Court has ordered that briefs be filed notwithstanding the shutdown and the furlough status of the vast majority of the Office's civil attorneys, coordinating his subordinates' cases that have upcoming court hearings, and preparing colleagues for arguments that are going forward despite the shutdown. Because the Office presently is only operating with a skeletal staff of civil attorneys, the undersigned has been even busier than is normally the case.

3. Because of all these other urgent matters, the undersigned only was able to turn to this matter yesterday. Counsel, however, requires more time to research the applicable law, issues and facts and then to prepare an appropriate response that will be helpful to the Court as it determines whether Plaintiff's requested preliminary injunction is warranted. As the Court is aware, in this suit Plaintiff advances four claims under the Administrative Procedure Act and contends that Equal Employment Opportunity Commission acted unlawfully when it closed Plaintiff's charge of disparate impact discrimination and issued her a right-to-sue notice. The Court will benefit from providing a few more days for Defendants' preliminary injunction motion response, as that period will enable the undersigned to prepare a brief that suitably responds to Plaintiff's multiple administrative law challenges and assists the Court as it decides how to proceed in this matter.

4. The undersigned is mindful of Standing Order § 9(A), which provides that extensions should be sought at least four business days before the deadline at issue. The undersigned regrets not being able comply with that requirement in this matter. As explained, nearly all of the undersigned's week was consumed with other urgent matters, including a

preliminary injunction hearing and its aftereffects. Because of the regrettable government shutdown and its truncation of the resources that ordinarily are available for the U.S. Attorney's Office to handle civil litigation matters assigned to it, as well as the multiple lawsuits that have been filed specifically because of the lapse of appropriations and other statutory authorities, it was not possible to file this motion within one day of the Court issuing its order that required Defendants to file their opposition to Plaintiff's motion for a preliminary injunction within five business days.

5. No other extensions have been sought in this case by either party.

6. If the Court grants Defendants the requested extension, it should also provide a commensurate three-day extension to Plaintiff for her reply brief, which now should be due on November 7, 2025.

7. If these adjustments to the briefing schedule are made, the Court may be able to proceed with the preliminary injunction hearing as presently scheduled on November 12, 2025. If the Court, however, would prefer to hold the hearing on another date, the undersigned will promptly confer with counsel for Plaintiff to propose other mutually-available dates.

Dated: October 24, 2025
       Washington, DC

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By:    */s/ Peter C. Pfaffenroth*
       PETER C. PFAFFENROTH
       DC Bar No. 496632
       Assistant United States Attorney
       Deputy Chief, Civil Division
       601 D Street, NW
       Washington, DC 20530
       202 252-2513

*Attorneys for the United States of America*

3

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LEAH CROSS,<br><br>    Plaintiff,<br><br>    v.<br><br>U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, et al.,<br><br>    Defendants. | Civ. A. No. 25-3702 (TNM) |

### **[PROPOSED] ORDER**

Upon consideration of Defendants' motion, it is hereby

ORDERED that Defendants' motion is GRANTED; and it is further

ORDERED that Defendants may file their opposition to Plaintiff's 2 Motion for a Preliminary Injunction on or before Friday, October 31, 2025, and Plaintiff may file any reply on or before Friday, November 7, 2025; and it is further

ORDERED that a hearing in this matter remains scheduled for Wednesday, November 12, at 10:00 a.m. in Courtroom 2.

SO ORDERED.

_____
Date

_____
United States District Court Judge